UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

DAVID W. BERNBERG, LLC                                    CIVIL ACTION

VERSUS                                                            NO. 07-261

PAUL SNOW AND/OR THE                                  SECTION "N" (1)
LAW OFFICES OF PAUL SNOW

## ORDER AND REASONS

Before the Court is the Motion to Dismiss for Lack of Personal Jurisdiction, or Alternatively, to Transfer Pursuant to § 1404(a), filed by Defendant, Paul Snow/Law Offices of Paul Snow ("Snow"). (Rec. Doc. No. 4.) Plaintiff, David W. Bernberg, LLC ("Bernberg") opposes the Motion to Dismiss. For the reasons stated herein, Defendants' Motion to Dismiss is **GRANTED**.

### I.  BACKGROUND

Plaintiff, David Bernberg, is a Louisiana resident and an attorney licensed and practicing in Louisiana.  Defendant, Paul Snow, is a Mississippi resident and an attorney licensed in both Mississippi and Louisiana, but practicing only in Mississippi.[1]  The instant action arises out of a fee dispute in connection with an attorney services referral agreement between Plaintiff and Defendant.

The facts giving rise to the dispute and the allegations of the parties are as follows:  On or about March 24, 2003, Maggie Johnson and Cathy Robinson ("Johnson and Robinson" or "the clients"), both residents of Mississippi, were involved in an automobile accident in Mississippi. Thereafter, Johnson and Robinson "employed the law offices of [Plaintiff], David W. Bernberg, LLC, to represent them for damages" connection with this accident. (Petition, Rec. Doc. No. 1-2,

---

[1]  Snow's Louisiana bar membership has been inactive since 2000.

¶ 3.)  Plaintiff then decided to retain Defendant to assist him with the representation of the clients.  (Petition ¶ 4.)  On or about November 18, 2003, John Denenea of the firm Shearman-Denenea[2] contacted Defendant regarding the referral of the clients.  (Snow's Affidavit, Rec. Doc. No. 4-3, ¶ 4.)  On or about November 21, 2003, while in Mississippi, Defendant drafted and signed an employment agreement, medical authorization, and a fee agreement in connection with the Johnson and Robinson matter.[3]  On the same date, Defendant mailed these documents to Denenea in New Orleans, Louisiana.  In the attached letter, Defendant told Denenea to "feel free to make any changes" that he saw necessary and to call Defendant with any questions.  On February 18, 2004, Denenea and Plaintiff signed the fee agreement in New Orleans, Louisiana.[4]

On March 10, 2004, Plaintiff mailed the medical authorizations and the employment agreement retaining Defendant to Johnson in Mississippi and asked that she and Robinson sign the documents and mail them back to Plaintiff in Louisiana.  On or about March 16, 2004 Johnson signed the medical authorization and the employment agreement retaining Defendant and mailed these documents back to Plaintiff in Louisiana, as requested.  On March 24, 2004, Plaintiff, in turn, mailed these documents to Defendant in Mississippi.  In the attached letter, Plaintiff instructed

---

[2]  The petition makes no mention of Denenea's involvement in the case, but the attached fee agreement purports to divide the attorney fee among Denenea's firm, Bernberg's firm, and Snow's firm.  Snow alleges that it was Denenea who approached him regarding the referral of Johnson and Robinson.

[3]  The fee agreement indicated that the attorney fee in the Johnson/Robinson case was going to be divided among three law firms:  (1)  Law Offices of Paul Snow, (2)  Shearman-Denenea, and (3)  Law Offices of David W. Bernberg.

[4]  The typewritten portion of the agreement states that Snow would receive 50%, Bernberg would receive 25%, and Denenea would receive 25%.  However, there are handwritten lines striking through the amounts next to Bernberg's and Denenea's names with new amounts handwritten above the old amounts.  The handwritten revision, increased Bernberg's fee to 40% and decreased Denenea's fee to 10%.  According to Snow, Bernberg altered the agreement after Snow signed it and without Snow's consent.  Snow also contends that neither of the clients signed the fee agreement and that the fee agreement is invalid.

Defendant to call Plaintiff in Louisiana if Defendant needed any file materials or other information pertaining to the case.  On April 1, 2004,  Defendant mailed a letter to Sentry Insurance Company, located in Wisconsin, informing it that Defendant had been retained by Plaintiff to handle the Johnson/Robinson matter and that all future correspondence should be directed to Defendant in Mississippi.  Snow mailed a copy of this letter to Bernberg in Louisiana.

Defendant then employed Ogden & Associates to assist in the representation of the clients.[5] On March 21, 2005, suit was filed on behalf of the clients in Mississippi state court, and the case was removed to the United States District Court for the Southern District of Mississippi.  After being informed that the case had settled, Plaintiff began attempting to collect his fee from Defendant and Ogden.  Despite Plaintiff's requests that the attorney fees be placed either in Ogden's  trust account or the registry of the court until the issue was resolved, Defendant disbursed the fees without prior notification to Plaintiff, providing to Plaintiff only a small portion of initially agreed-upon fee. (Petition ¶ 8.)

On December 13, 2006, Plaintiff filed suit for breach of contract and damages in the Civil District Court for the Parish of Orleans, State of Louisiana.  On January 11, 2007, Defendant removed the case to this Court based on diversity jurisdiction.   On February 2, 2007, Defendant filed the instant motion, arguing that he does not have sufficient contacts with Louisiana for this Court to exercise personal jurisdiction over him.  In the alternative, Defendant claims that under 28 U.S.C. § 1404(a), this matter should be transferred to the Southern District of Mississippi in the interest of the justice and for the convenience of the parties and witnesses.[6]

---

[5]  Plaintiff alleges that Snow retained Ogden without Plaintiff's knowledge or consent.

[6]  Defendant argues that even if the Court concludes that it has personal jurisdiction, venue in the Eastern District of Louisiana is improper under 28 U.S.C. § 1404(a) because:  (1)  all of the witnesses

## II.  LAW AND ANALYSIS

### A.  Legal Standard

When a court does not conduct an evidentiary hearing[7] on a motion to dismiss for lack of personal jurisdiction, the plaintiff must present sufficient facts to make out a prima facie case supporting jurisdiction.  *Alpine View Co. Ltd. v. Atlas Copco AB*, 205 F.3d 208, 215 (5th Cir. 2000) (citations omitted).  A court must accept as true all non-conclusory, uncontroverted allegations in the plaintiff's complaint, and it must resolve all factual conflicts in favor of jurisdiction.  *See Central Freight Lines Inc. v. APA Transport Corp.*, 322 F.3d 376, 380 (5th Cir. 2003) (*citing Alpine*, 205 F.3d at 214).

Federal courts in a diversity action may exercise personal jurisdiction over a defendant to the extent permitted by the law of the forum state.  *Alpine*, 205 F.3d at 214.  Louisiana's long-arm statute authorizes the exercise of personal jurisdiction to the extent allowed by the Due Process Clause of the Fourteenth Amendment.  La. R.S. 13:3201; *Fox v. Board of Supervisors of Louisiana State*, 576 So.2d 978, 983 (La. 1991).  Accordingly, the Court must consider whether exercising jurisdiction over the defendant is consistent with constitutional due process.  *See Alpine*, 205 F.3d at 214.

The exercise of personal jurisdiction over a nonresident defendant comports with due process when "(1) that defendant has purposefully availed himself of the benefits and protections of the forum state by establishing minimum contacts with the forum state, and (2) the exercise of jurisdiction over that defendant does not offend traditional notions of fair play and substantial

reside in Mississippi; (2)  most of the discovery will take place in Mississippi; (3)  Louisiana has no interest in the litigation; and (4)  Mississippi law will most likely apply.

[7]  Plaintiff did not request an evidentiary hearing in this matter.

4

justice." *Latshaw v. Johnston*, 167 F.3d 208, 211 (5th Cir. 1999) (*quoting International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945)).  "'Minimum contacts' can be established either through contacts sufficient to assert specific jurisdiction, or contacts sufficient to assert general jurisdiction." *Alpine View*, 205 F.3d at 215.  To comport with due process, the defendant's conduct in connection with the forum state must be such that he "should reasonably anticipate being haled into court" in the forum state. *Latshaw*, 167 F.3d 211 (*quoting World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980)).

A defendant's contacts with a forum may either be "general" or "specific." *Central Freight Lines*, 322 F.3d at 381.  Specific jurisdiction is present if two conditions are met:  (1) the defendant has "purposefully directed its activities at the forum state; and (2) the litigation results from alleged injuries that arise out of or relate to those activities. *See Alpine*, 205 F.3d at 215 (*quoting Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985)).  A court may assert general jurisdiction over a nonresident defendant when that defendant's contacts with the forum state are "substantial and 'continuous and systematic' but unrelated to the instant cause of action." *Central Freight Lines*, 322 F.3d at 381 (*citing Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 n. 8, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984)).

## B.  Analysis

The affidavit of Paul Snow, submitted in connection with the motion, represents that the referral agreement was generated in Mississippi, the services contemplated in the referral agreement were performed in Mississippi, and any alleged breach of the referral agreement occurred in Mississippi.  The affidavit further represents that Defendant does not solicit business in Louisiana and did not solicit the referral from Plaintiff in this case.  The affidavit further represents that the

5

underlying lawsuit involved a Mississippi accident and Mississippi clients.   Defendant acknowledges in the affidavit that he is admitted to the Louisiana Bar, but points out that his membership has been inactive since 2000.   Defendant also acknowledges in the affidavit that he mailed the agreement to John H. Denenea, Jr. in Louisiana for him to sign.   Finally, the affidavit represents that Defendant was not physically present in Louisiana when the agreement was signed by Plaintiff and Denenea.

Plaintiff's arguments in support of personal jurisdiction are sparse and unsupported. Plaintiff's short opposition includes several paragraphs informing the Court of the law on personal jurisdiction, but only one paragraph purporting to apply the law to the facts of this case.   Plaintiff defines "specific jurisdiction," but fails to advance any argument whatsoever to demonstrate that specific jurisdiction exists.   Attached to Plaintiff's petition are various documents, including the fee division agreement at issue in this case, several letters written by Plaintiff, and one letter written by Defendant.   Surprisingly, however, Plaintiff's opposition fails to identify those portions of these documents that are relevant to its jurisdictional position; indeed, the opposition fails to cite to even one of these documents.   Nor does Plaintiff even suggest that the contractual relationship between him and Snow forms a basis for a finding of specific jurisdiction.[8]   Further, Plaintiff did not support his opposition with a countervailing affidavit.   As discussed above, Plaintiff bears the burden of demonstrating that a prima facie case exists for personal jurisdiction.   Because Plaintiff has failed to present *any* evidence supporting a prima facie case for specific jurisdiction, the Court finds

---

[8]   Generally, when a plaintiff bases specific jurisdiction on a contractual relationship, the court must consider the following factors surrounding the contract and its formation:  (1) prior negotiations between the parties; (2) contemplated future consequences of the contract; (3) the terms of the contract; and (4) the parties' actual course of dealing.   *Electrosource, Inc. v. Horizon Battery Techs., Ltd.*, 176 F.3d 867, 872 (5th Cir. 1999) (*citing Burger King*, 471 U.S. at 478); *ACG Mediaworks, L.L.C. v. Ford*, 870 So.2d 1097, 1104 (La.App. 5 Cir. 2004).

specific jurisdiction is not present in this case.

Plaintiff's sole argument in support of general jurisdiction is that Defendant maintains a website accessible by Louisiana residents.  Plaintiff does not allege that Defendant has solicited business in Louisiana or that the presence of his website has even generated a response from Louisiana residents.  In fact, Plaintiff concedes that "the volume of response from Louisiana residents to this modern day advertisement is yet unknown."  Plaintiff asserts, however, that "it is reasonable to assume" that Defendant, "in holding himself out in such a way as to solicit a response and potential business from Louisiana residents visiting his website has purposefully availed himself and his law firm to [sic] this forum."  (Rec. Doc. No. 9, p.4.)  Plaintiff would have the Court conclude that the very operation of this website meets the minimum contacts test and that, "depending on the run of the website, [these contacts] have also been systematic and continuous."

The Fifth Circuit has addressed the issue of whether to exercise general personal jurisdiction over a defendant who operates an Internet website with little or no other contacts with the forum state.  *Mink v. AAAA Development LLC*, 190 F.3d 333, 336 (5th Cir. 1999).  In *Mink*, the Fifth Circuit adopted the analysis set forth in *Zippo Mfg. Co. v. Zippo Dot Com, Inc.*, 952 F.Supp. 1119, 1124 (W.D. Pa. 1997), which classified Internet use along a spectrum.

Applying the *Mink* analysis to this case, the Court finds that Defendant's website is insufficient to subject him to personal jurisdiction.  Plaintiff is correct that the website indicates that Defendant is licensed to practice law in Louisiana and that he is admitted to practice in all state and federal courts of Louisiana.  However, contrary to Plaintiff's assertion, the website makes it clear that Defendant's Louisiana bar status is presently inactive.  Further, an invoice from the company that maintains Defendant's website domain indicates that Defendant only uses the AttorneyLocate

7

service to advertise in Mississippi, not in Louisiana.

While Defendant's website provides users with an email address[9] and a toll-free telephone number, there is no electronic sign-up form on the website itself. Thus, the level of interactivity of Defendant's website is practically nonexistent. There is no evidence that Defendant's website allows him to "do anything but reply to email initiated by website visitors." *Mink*, 190 F.3d at 337. In addition, Defendant's website "lacks other forms of interactivity cited by courts as factors to consider in determining questions of personal jurisdiction." *Id.* For example, the website does not allow potential clients to enter into retainer agreements or any type of contracts with Defendant online. In order to seek representation, potential clients must either email Defendant at his "msn" address or call him at the toll-free number provided. "This does not classify the website as anything more than passive advertisement which is not grounds for the exercise of personal jurisdiction." *Id.* at 337.

In light of these facts, the Court cannot find that Defendant's contacts with Louisiana are continuous and systematic. Accordingly, the exercise of general jurisdiction is inappropriate.

Plaintiff argues that to the extent the Court finds that he has not sufficiently established personal jurisdiction, that he be given the opportunity to conduct additional discovery for this purpose, specifically, to determine whether Snow has any "tangible assets, real property, and/or bank accounts" in Louisiana. The Court finds that such discovery is unwarranted. The Fifth Circuit has stated that "[w]hen the lack of personal jurisdiction is clear, discovery would serve no purpose and

---

[9] The email address on Snow's website is an email link as opposed to simply an email address. This distinction is immaterial, however. In *Mink*, the Court noted that "the mere existence of an e-mail link, without more, would not change this Court's conclusion that there is no personal jurisdiction." *Mink*, 190 F.3d at 337 n. 1.

should not be permitted." *Wyatt v. Kaplan*, 686 F.3d 276, 283-84 (5th Cir. 1982).  Discovery should not be permitted where a party has failed to make even a preliminary showing of personal jurisdiction.  *See Fielding v. Hubert Burda Media, Inc.*, 415 F.3d 419 (5th Cir. 2005).  Defendant has, by uncontroverted affidavit, established that he does not have any systematic and/or continuous contacts with Louisiana, that he does not purposefully direct any activity in Louisiana, and that he has not availed himself of the benefits and protections of the laws of Louisiana.  This evidence rebuts Plaintiff's suggestion that Defendant may have additional contacts with the state of Louisiana. Plaintiff has produced no evidence that would controvert Defendant's evidence regarding his lack of contacts or raise an issue of fact regarding personal jurisdiction.  *DNH, L.L.C. v. In-N-Out Burgers*, 381 F.Supp.2d 559, 566 (E.D. La. 2005) (*citing Kelly v. Syria Shell Petroleum Dev. B.V.*, 213 F.3d 841, 855 (5th Cir. 2000).  Accordingly, the Court finds that additional discovery on the issue of personal jurisdiction is not warranted.

Because the Court finds that it does not have jurisdiction over Snow, it is unnecessary to determine the propriety of the venue selected by Plaintiff.

### III.  CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Defendant's Motion to Dismiss for Lack of Personal Jurisdiction (Rec. Doc. No. 4) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's request for additional discovery is **DENIED**.

New Orleans, Louisiana, this  _22nd_ day of August, 2007.

**KURT D. ENGELHARDT**
**United States District Judge**